IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby Nathan Adams, ) | C/A No. 0:14-1206-TMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Bobby Nathan Adams, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Additionally, Adams filed a motion to remand pursuant to sentence six of 42 U.S.C. § 405(g). (ECF No. 10.) Having carefully considered the parties' submissions and the applicable law, the court concludes that Adams's motion should be granted and that this matter be remanded pursuant to sentence six of § 405(g).

**SOCIAL SECURITY DISABILITY GENERALLY**

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R.

§§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform his past relevant work; and

(5) whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[1]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. §§ 404.1520(h), 416.920(h).



## ADMINISTRATIVE PROCEEDINGS

In November 2011, Adams applied for DIB and SSI, alleging disability beginning October 4, 2011. Adams's applications were denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on October 12, 2012, at which Adams, who was represented by Lola Stradford Richey, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on November 8, 2013 concluding that Adams was not disabled. (Tr. 112-122.)

Adams was born in 1966 and was forty-five years old at the time of his alleged disability onset date. (Tr. 197.) He has a college education and has past relevant work experience as a lift operator, a shipping and receiving supervisor, and a laborer. (Tr. 280.) Adams alleged disability due to avascular necrosis. (Tr. 279.)

In applying the five-step sequential process, the ALJ found that Adams had not engaged in substantial gainful activity since October 4, 2011—his alleged onset date. The ALJ also determined that Adams's status post total hip replacement, plantar fasciitis, heel spur, equinus deformity, and depression were severe impairments. However, the ALJ found that Adams did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Adams retained the residual functional capacity to

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) but can only occasionally climb ramps or stairs; never climb ladders, ropes or scaffolds; occasionally balance, crawl, stoop, kneel or crouch; he must avoid hazards such as moving machinery, slippery and uneven surfaces and unprotected heights; and finally, he can engage in activities involving only routine tasks with no detailed instructions.

(Tr. 116.)  The ALJ found that Adams was unable to perform any past relevant work and that, considering Adams's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Adams could perform. Therefore, the ALJ found that Adams was not disabled from October 4, 2011 through the date of his decision.

Adams submitted additional evidence to the Appeals Council, which denied Adams's request for review on March 5, 2014 making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.)  This action followed.

### ISSUES

Adams raises the following issues for this judicial review:

The Commissioner

(I)  failed to review the Unfavorable Decision at the Appeals Council level despite the plaintiff's submission of "new and material" evidence;

(ii)  failed to base the claimant's RFC on the substantial evidence of record; and

(iii)  failed to provide complete and accurate hypothetical questions to the vocational expert (VE) at the administrative hearing.

(Pl.'s Br., ECF No. 22.)  With regard to these issues, Adams is seeking a remand on this matter pursuant to sentence four of 42 U.S.C. § 405(g).  Additionally, based on new evidence submitted with Adams's motion, Adams requests a remand of this matter pursuant to sentence six of § 405(g).

### DISCUSSION

Although Adams has presented several issues for this court's review, the court agrees that this matter should be remanded pursuant to sentence six of § 405(g), which may moot Adams's remaining issues.  Therefore, the court addresses this motion first.



As stated above, pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits; however, this review is limited. Remand is permitted pursuant to either sentence four or sentence six of § 405(g). See Shalala v. Schaefer, 509 U.S. 292, 296 (1993) (stating sentence four and sentence six are the "exclusive" methods by which courts may remand social security appeals).

Under sentence four, review is limited to the pleadings and the administrative record. See 42 U.S.C. § 405(g); Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (*en banc*) (" 'Reviewing courts are restricted to the administrative record in performing their limited function of determining whether the Secretary's decision is supported by substantial evidence.' ") (quoting Huckabee v. Richardson, 468 F.2d 1380, 1381 (4th Cir. 1972)). Sentence six provides an avenue for remand where there is new information that is not part of the administrative record. The court may remand a case under sentence six of 42 U.S.C. § 405(g) "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); see also Schaefer, 509 U.S. at 297 n.2 ("Sentence-six remands may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency.") (citations omitted). In applying sentence six, the United States Court of Appeals for the Fourth Circuit has held that a court may remand the case if the following four prerequisites are met: (1) the evidence must be relevant to the determination of disability at the time the application was first filed and not simply cumulative; (2) the evidence must be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been presented; (3) there must be good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant

PJG

must make at least a general showing of the nature of the new evidence to the reviewing court. See Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985);[2] see also 42 U.S.C. § 405(g).

Attached to his motion, Adams presents additional medical evidence that Adams's counsel states was obtained during additional discovery in Adams's pending workers' compensation claim. Adams argues that he meets each of the prerequisites for a remand under sentence six. Notably, although the Commissioner's brief indicates in its caption that it is also responsive to Adams's motion to remand for consideration of newly discovered evidence, the Commissioner does not respond or otherwise address Adams's motion or his arguments in the filing. Thus, it appears that the Commissioner does not have any arguments in opposition to remand under six sentence. Moreover, the court has reviewed the additional evidence, which consists of a vocational report dated April 28, 2014 from Dr. Robert E. Brabham, a Licensed Psychologist; psychological reports from January 2014 through May 2014 by Dr. C. David Tollison; psychiatric reports from September through November 2013 by Dr. Patrick Mullen; and a physical capacities evaluation dated May 28, 2014 by Timothy Couture. (See ECF No. 10-1.) The court finds that at least some of this evidence is relevant to the determination of disability at the time the application was first filed and not simply cumulative and that the evidence is material as the Commissioner's decision might reasonably have been different had the new evidence been presented. See 42 U.S.C. § 405(g) (stating that a case may

---

[2] In Wilkins v. Secretary of Department of Health and Human Services, 925 F.2d 769 (4th Cir. 1991), rev'd on other grounds, 953 F.2d 93 (*en banc*), the Fourth Circuit suggested that the more stringent Borders four-part inquiry is superceded by the standard in 42 U.S.C. § 405(g), which is stated above. See id. at 774; see Wilkins, 953 F.2d at 96 n.3. However, Borders has not been expressly overruled. Moreover, the United States Supreme Court has not suggested that the Borders construction of 42 U.S.C. § 405(g) is incorrect. See Sullivan v. Finkelstein, 496 U.S. 617, 626 n.6 (1990) (citing Borders without suggesting that the factors are not properly considered). Regardless of whether the more stringent Borders test is applied or the language in § 405(g), for the reasons that follow the court finds that Adams has shown remand is warranted.

Page 6 of 8



be remanded under sentence six "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding"); see also Borders, 777 F.2d at 955.  For example, although Dr. Brabham's report was issued shortly after the Appeals Council's decision, this evidence arguably pertains to the relevant time period as Dr. Brabham reviewed and relied on the medical evidence before the ALJ as well as his examination in forming his opinions.  Accordingly, the court agrees without any apparent opposition from the Commissioner that Adams meets the requirements for a remand pursuant to sentence six of § 405(g).

In light of the court's finding that this matter should be remanded for further consideration, the court need not address Adams's remaining issues, as they may be rendered moot on remand.  See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).

### RECOMMENDATION

Based on the foregoing, the court recommends that Adams's motion for remand (ECF No.10) be granted and that the case be remanded to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for further consideration as discussed above.

February 4, 2015                                     Paige J. Gossett
Columbia, South Carolina                             UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).